UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-00906-CR-MOORE-TORRES


UNITED STATES OF AMERICA,


        Plaintiff,

vs.

VELINA CUVIER, f/k/a "Founa Jean Luis",


        Defendant.

_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO APPOINT COUNSEL

This matter is before the Court on a Motion to Appoint Counsel filed by Defendant Velina Cuvier f/k/a "Founda Jean Luis" ("Defendant") on August 23, 2011 [**D.E. 110**] in connection with her Notice of Appeal from an Order granting the government's motion to reduce Defendant's sentence pursuant to Fed. R. Crim. P. 35, amending Defendant's judgment to reflect a reduction in her sentence, and denying Defendant's request for a hearing. [D.E. 109].[1] On October 24, 2011, we conducted a telephonic hearing on the Motion to Appoint Counsel which both Defendant and counsel for the government attended. Having considered the motion and the argument of the parties at the hearing, and the entire record in this case, the Court recommends that the Motion to Appoint Counsel be DENIED for the reasons set forth below.

---

[1]     The Honorable K. Michael Moore referred the Motion to Appoint Counsel to the undersigned Magistrate Judge. [D.E. 111].

## I.   *BACKGROUND*

Defendant pled guilty to one count of conspiracy to possess cocaine with the intent to distribute pursuant to a written plea agreement with the government. [D.E. 74, 75]. On October 24, 2002, Defendant was sentenced to a term of imprisonment of 262 months followed by a term of supervised release of 5 years. [D.E. 83]. Defendant did not appeal the sentence.

On July 11, 2011, the government filed a Rule 35 motion to reduce Defendant's sentence by 33% based upon her substantial assistance in prosecuting other defendants. [D.E. 100]. The government indicated it would articulate the basis for the motion in further detail should the Court deem it necessary. [*Id.*].

Defendant filed a response that detailed her substantial assistance and argued for a greater reduction than that requested by the government (44%, for a reduced sentence of 144 months). [D.E. 106]. Defendant also requested a hearing on the government's motion in order to assist the government and Defendant in a comprehensive presentation of the basis for the requested sentence reduction. [*Id.*]. Separately, Defendant submitted a hand-written letter to the Court advocating for the greater sentence reduction. [D.E. 104].

On August 11, 2011, after reviewing the government's Rule 35(b) motion, Defendant's response and motion for hearing, and the supplemental responses, Judge Moore entered an Order granting the government's motion, reducing Defendant's sentence to 174 months' imprisonment (approximately a 33% reduction), and denying Defendant's request for a hearing. [D.E. 108].

Thereafter, on August 23, 2011, Defendant filed a Notice of Appeal regarding "Defendant's [106] Motion for Hearing and Document 108 Entered 11th Day of August, 2011 for further relief concerning substantial assistance." [D.E. 109]. In that same filing, Defendant requested appointment of counsel pursuant to 18 U.S.C. § 3006A "to adjudicate claim for further relief." [D.E. 110].[2] The motion to appoint was thereafter referred to the undersigned. [D.E. 111].

## II.    ANALYSIS

### A.    *Appointment of Counsel Pursuant to 18 U.S.C. § 3006A*

Defendant seeks appointed counsel pursuant to 18 U.S.C. § 3006A so she can appeal Judge Moore's ruling in connection with the government's Rule 35(b) motion.

Section 3006A provides for court-appointed counsel to financially eligible criminal defendants[3] in certain circumstances, including: (1) when the defendant is entitled to appointment of counsel under the Sixth Amendment to the Constitution; (2) when the defendant faces the loss of liberty in a case and federal law requires the appointment of counsel; and (3) whenever the court determines that the interests of justice so require, including when a defendant seeks habeas and other post-conviction relief. *See, e.g., United States v. Davis*, 400 Fed. Appx. 538, 539-40 (11th Cir. 2010)

---

[2]    In her motion to appoint counsel, Defendant noted that retained counsel had declined to appeal the claim for further relief. [D.E. 110 at n.1]. "Retained counsel" refers to Stephen J. Golembe, Esq., who in January 2009 filed a Notice of Permanent Appearance for Defendant in this case. [D.E. 98]. Mr. Golembe recently represented Defendant in connection with the Rule 35 motion to reduce and remains counsel of record in the case.

[3]    Although Defendant has not yet presented any evidence regarding her finances, we will presume for present purposes that she qualifies for appointment of counsel.

(defendant who sought to modify or correct a restitution order imposed nearly ten years earlier was not entitled to appointment of counsel under § 3006A as none of the aforementioned circumstances existed); *United States v Webb*, 565 F.3d 789, 795 (11th Cir. 2009) (defendant seeking a sentence reduction based on changes in the sentencing guidelines did not have a statutory right to counsel under § 3006A(c), where that provision encompassed solely those proceedings connected to the original criminal action "including ancillary matters appropriate to the proceedings" and defendant's challenge to his sentence was not such an ancillary proceeding).

There is, however, no right to appointed counsel under § 3006A in connection with a Rule 35(b) motion filed in the district court. *See United States v. Orjuna*, 351 Fed. Appx. 418, 420-21 (11th Cir. 2009) (holding that district court did not abuse its discretion when it declined to appoint counsel for defendant in connection with a Rule 35(b) motion; there is no constitutional right under the Fifth or Sixth Amendments nor a statutory right to appointed counsel for purposes of a Rule (b) motion). If a defendant is not entitled to counsel when a Rule 35(b) motion is at issue in the trial court, that defendant is not entitled to counsel when she later seeks to *appeal* from the trial court's ruling on the Rule 35(b) motion.

Because there is no statutory or constitutional right to counsel in connection with a Rule 35(b) motion, the decision whether to appoint counsel is left to the discretion of the district court. *Id.* at 419, 421; *see also Webb*, 565 F.3d at 795 (given no statutory or constitutional right to counsel in connection with a motion for reduction based on changes to the sentencing guidelines, the decision to appoint an attorney was

left to the sound discretion of the district court). We recommend that Judge Moore exercise his discretion and not appoint counsel in this instance because, as set forth below, any appeal that Defendant might take "for further relief concerning substantial assistance" would be frivolous.

**B.      *Appeal from Judge Moore's August 11, 2011 Order***

Rule 35(b) allows a district court, on motion by the government, to reduce a sentence to reflect substantial assistance provided by the defendant to the government after sentencing. An appeal from a ruling on a Rule 35(b) motion is governed by 18 U.S.C. § 3742. *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996). This statute, which provides for limited appellate review of federal sentences, permits an appeal if, in relevant part, "the sentence [] was imposed in violation of law[.]" 18 U.S.C. § 3742(a)(1).

We conclude that Defendant could not prevail on appeal were she to argue that Judge Moore erred in not reducing her sentence by 44% based on the substantial assistance she provided to the government. His decision to grant the government's Rule 35(b) motion, and the extent to which he reduced the sentence, is discretionary and generally would not be subject to appellate review. *See Manella*, 86 F.3d at 203 (explaining that appellate jurisdiction over a Rule 35(b) ruling is limited by § 3742 and does not include a district court's decision to grant or deny a substantial assistance reduction); *United States v. Hubbard*, 368 Fed. Appx. 47, at *1 (11th Cir. 2010) (appellate court lacked jurisdiction to review a challenge to the extent of a Rule 35(b) sentence reduction or the weight accorded by the district court to a third-party's

cooperation with the government; citing *Manella*); *United States v. Ross*, 280 Fed. Appx. 896, 897 (11th Cir. 2008) (appellate court lacked jurisdiction to review the extent of a substantial assistance reduction).

An exception to this general rule exists where a defendant argues that the district court misapplied Rule 35(b) by considering factors other than substantial assistance. *See Manella*, 86 F.3d at 203; *Ross*, 280 Fed. Appx. at 897; *Hubbard*, 368 Fed. Appx. 47, at \*\* 1 n.1. Under the language of Rule 35(b), the only factor a district court may consider that may militate *in favor of* a sentence reduction is the defendant's substantial assistance. *Manella*, 86 F.3d at 204 (noting, however, that nothing in the text of the rule limits the court's consideration of factors that might militate *against* granting a reduction, or granting a smaller reduction than requested). Were a court to consider any factor other than substantial assistance in determining whether a reduction were warranted, the sentence would be one imposed in violation of law and therefore appealable under § 3742(a)(1). *Id.* at 203.

We also conclude that Defendant would not prevail on appeal were she to argue that Judge Moore considered any factor other than her substantial assistance in granting the Rule 35(b) motion. He did not. The only evidence before him, other than the motion itself, was Defendant's response that detailed her substantial assistance and argued for a 44% reduction [D.E. 106] and her handwritten letter advocating for the same [D.E. 104]. Because Judge Moore considered only Defendant's substantial assistance before ruling on the Rule 35(b) motion, there is no basis to appeal that decision under § 3742(1).

Thus, the record clearly demonstrates that any appeal of Judge Moore's August 11, 2011 Order granting Defendant a 33% sentence reduction and denying her request for a hearing on the government's Rule 35(b) motion would be frivolous. We therefore recommend that the district court exercise its discretion and deny Defendant's motion to appoint counsel for purposes of appeal.

### III.   CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that the Motion of Defendant Velina Cuvier f/k/a "Founda Jean Luis" to Appoint Counsel [**D.E. 110**] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of November, 2011.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge